UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MARLON JOSE CRUZ MENDOZA,

      Petitioner,

v.

MIAMI FIELD OFFICE
DIRECTOR, IMMIGRATION AND
CUSTOMS ENFORCEMENT *et al.*,

      Respondents,

Case No.:  2:26-cv-00198-SPC-NPM

/

## **OPINION AND ORDER**

Before the Court are Marlon Jose Cruz Mendoza's Petition for Writ of Habeas Corpus (Doc. 1), the government's response (Doc. 8), and Cruz Mendoza's reply (Doc. 9).  For the below reasons, the Court grants the petition.

Cruz Mendoza is a native and citizen of Honduras who entered the United States without inspection on September 16, 2016.  He has no criminal record other than a citation for driving without a license, and he has a pending asylum application.  Cruz Mendoza has employment authorization, works in construction, and is the sole provider for his two young children.  Immigration and Customs Enforcement ("ICE") agents arrested Cruz Mendoza on January 17, 2026, following a traffic stop.  He is currently detained at the Glades County Detention Center, without the opportunity to seek release on bond.

The core of the dispute before this Court is whether 8 U.S.C. § 1225(b)(2) or § 1226(a) of the Immigration and Nationality Act ("INA") applies to Cruz Mendoza. The distinction matters because § 1225(b)(2) mandates detention, while aliens detained under § 1226(a) have the right to a bond hearing before an immigration judge. Cruz Mendoza asks the Court to order the respondents to either release him or provide a prompt individualized bond hearing.

The respondents argue (1) 8 U.S.C. § 1252(g) and (b)(9) strip the Court of jurisdiction over the petitioner's claims, (2) the petitioner failed to exhaust available administrative remedies, and (3) the petitioner is properly detained under § 1225 and is not eligible for a bond hearing. As the respondents acknowledge, the Court rejected their arguments in cases that presented the same issues, like *Hinojosa Garcia v. Noem*, No. 2:25-cv-879-SPC-NPM, 2025 WL 3041895 (M.D. Fla. Oct. 31, 2025) and *Vasquez Carcamo v. Noem*, 2:25-cv-922-SPC-NPM, 2025 WL 3119263 (M.D. Fla. Nov. 7, 2025). The Court's reasons for granting habeas relief in those cases apply equally here.

As the Court explained in *Hinojosa Garcia* and *Vasquez Carcamo*, it has jurisdiction because this action falls outside the scope of § 1252(g) and (b)(9), and exhaustion is excused because it would be futile. And like the petitioners in those cases, Cruz Mendoza's detention is governed by § 1226(a), not § 1225(b)(2). As a noncitizen detained under § 1226(a), Cruz Mendoza has a

right to a bond hearing.  *See Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) ("Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention.") (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1)).

The Court will thus order the respondents to either bring Cruz Mendoza before an immigration judge for an individualized bond hearing or release him within ten days.  The Court is aware that the Executive Office for Immigration Review ("EOIR") is the agency that schedules bond hearings.  In other cases before this Court, the respondents have claimed they cannot direct the EOIR when to conduct a bond hearing.  Regardless, subjecting Cruz Mendoza to mandatory detention under § 1225(b)(2) is unlawful.  If the respondents are unable to ensure Cruz Mendoza receives the bond hearing he is entitled to under § 1226(a) within ten days, they must release him.

Accordingly, it is hereby

**ORDERED**:

Marlon Jose Cruz Mendoza's Verified Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED**.

(1)    Within **ten days** of this Opinion and Order, the respondents shall either (1) bring Cruz Mendoza for an individualized bond hearing before an immigration judge or (2) release Cruz Mendoza under reasonable conditions of supervision.  If the respondents release Cruz Mendoza, they shall facilitate his

transportation from the detention facility by notifying his counsel when and where he may be collected.

(2)   The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close the case.

**DONE AND ORDERED** in Fort Myers, Florida on February 10, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1